# PLAINTIFF'S EXHIBIT 8

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision August 2006



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

    Superintendent of Documents            Telephone:   202-512-2267
    Mail List Section
    Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

    Superintendent of Documents            Telephone:   202-512-1800
    United States Government Printing Office
    Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

    Mail Stop Document Services            Telephone:   1-800-972-6382 or 571-272-3150
    Director of the U.S. Patent and Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room. The Manual is available on CD-ROM and on diskette from:

    U.S. Patent and Trademark Office            Telephone:   571-272-5600
    Office of Electronic Information Products
    MDW 4C18, P.O. Box 1450
    Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.    Telephone:   571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

    First Edition, November 1949
    Second Edition, November 1953
    Third Edition, November 1961
    Fourth Edition, June 1979
    Fifth Edition, August 1983
    Sixth Edition, January 1995
    Seventh Edition, July 1998
    Eighth Edition, August 2001
      Revision 1, February 2003
      Revision 2, May 2004
      Revision 3, August 2005
      Revision 4, October 2005
      Revision 5, August 2006

4. Conclude restriction requirement with one of form paragraphs 8.21.01 through 8.21.03.

<

The examiner must show, by way of example, that one of the subcombinations has utility other than in the disclosed combination.

Care must be taken to determine if the subcombinations are generically claimed.

Where subcombinations as disclosed and claimed are both (a) species under a claimed genus and (b) related, then the question of restriction must be determined by both the practice applicable to election of species and the practice applicable to related inventions. If restriction is improper under either practice, it should not be required (MPEP § 806.04(b)).

If applicant proves or provides an argument, supported by facts, that the other use, suggested by the examiner, cannot be accomplished or is not reasonable, the burden is on the examiner to document a viable alternative use or withdraw the requirement.

## 806.05(e)  Process and Apparatus for Its Practice [R-5]

Process and apparatus for its practice can be shown to be distinct inventions, if either or both of the following can be shown: (A) that the process *as claimed* can be practiced by another materially different apparatus or by hand; or (B) that the apparatus *as claimed* can be used to practice another materially different process.

Form paragraph 8.17 may be used to make restriction requirements between process and apparatus.
**>

¶ *8.17 Process and Apparatus*
Inventions |1| and |2| are related as process and apparatus for its practice. The inventions are distinct if it can be shown that either: (1) the process as claimed can be practiced by another materially different apparatus or by hand, or (2) the apparatus as claimed can be used to practice another materially different process. (MPEP § 806.05(e)). In this case |3|.

**Examiner Note:**
1. This form paragraph is to be used when claims are presented to both a **process** and **apparatus for its practice** (MPEP § 806.05(e)).
2. In bracket 3, use one or more of the following reasons:
(a) --the process as claimed can be practiced by another materially different apparatus such as.......--,
(b) --the process as claimed can be practiced by hand--,
(c) --the apparatus as claimed can be used to practice another materially different process such as.......--.
3. A process can be practiced by hand if it can be performed without using any apparatus.
4. Conclude restriction requirement with one of form paragraphs 8.21.01 through 8.21.03.

<

The burden is on the examiner to provide reasonable examples that recite material differences.

If applicant proves or provides convincing argument that there is no material difference or that a process cannot be performed by hand (if examiner so argued), the burden is on the examiner to document another materially different process or apparatus or withdraw the requirement.

## 806.05(f)  Process of Making and Product Made [R-5]

A process of making and a product made by the process can be shown to be distinct inventions if either or both of the following can be shown: (A) that the process *as claimed* is not an obvious process of making the product and the process as *claimed* can be used to make another materially different product; or (B) that the product *as claimed* can be made by another materially different process.

Allegations of different processes or products need not be documented.

A product defined by the process by which it can be made is still a product claim (*In re Bridgeford*, 357 F.2d 679, 149 USPQ 55 (CCPA 1966)) and can be restricted from the process if the examiner can demonstrate that the product as claimed can be made by another materially different process; defining the product in terms of a process by which it is made is nothing more than a permissible technique that applicant may use to define the invention.

If applicant convincingly traverses the requirement, the burden shifts to the examiner to document a viable alternative process or product, or withdraw the requirement.

Form paragraphs 8.18 and 8.21.04 should be used in restriction requirements between product and process of making.

¶ *8.18 Product and Process of Making*
Inventions |1| and |2| are related as process of making and product made. The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be

used to make another materially different product or (2) that the product as claimed can be made by another materially different process (MPEP § 806.05(f)). In the instant case [3].

**Examiner Note:**
1. This form paragraph is to be used when claims are presented to both a **product** and the **process of making** the product (MPEP § 806.05(f)).
2. In bracket 3, use one or more of the following reasons:
(a) --the process as claimed can be used to make a materially different product such as......--,
(b) --the product as claimed can be made by a materially different process such as......--.
3. Conclude the basis for the restriction requirement with one of form paragraphs 8.21.01 through 8.21.03.
4. All restriction requirements between a product and a process of making the product should be followed by form paragraph 8.21.04 to notify the applicant that if a product claim is found allowable, process claims that depend from or otherwise require all the limitations of the patentable product may be rejoined.

\*\*>

¶ *8.21.04 Notice of Potential Rejoinder of Process Claims in Ochiai/Brouwer Situation*

The examiner has required restriction between product and process claims. Where applicant elects claims directed to the product, and the product claims are subsequently found allowable, withdrawn process claims that depend from or otherwise require all the limitations of the allowable product claim will be considered for rejoinder. All claims directed to a nonelected process invention must require all the limitations of an allowable product claim for that process invention to be rejoined.

In the event of rejoinder, the requirement for restriction between the product claims and the rejoined process claims will be withdrawn, and the rejoined process claims will be fully examined for patentability in accordance with 37 CFR 1.104. Thus, to be allowable, the rejoined claims must meet all criteria for patentability including the requirements of 35 U.S.C. 101, 102, 103 and 112. Until all claims to the elected product are found allowable, an otherwise proper restriction requirement between product claims and process claims may be maintained. Withdrawn process claims that are not commensurate in scope with an allowable product claim will not be rejoined. See MPEP § 821.04(b). Additionally, in order to retain the right to rejoinder in accordance with the above policy, applicant is advised that the process claims should be amended during prosecution to require the limitations of the product claims. **Failure to do so may result in a loss of the right to rejoinder.** Further, note that the prohibition against double patenting rejections of 35 U.S.C. 121 does not apply where the restriction requirement is withdrawn by the examiner before the patent issues. See MPEP § 804.01.

**Examiner Note:**
This form paragraph should appear at the end of any requirement for restriction between a product and a process of making the product (see form paragraph 8.18) or between a product and a process of using the product (see form paragraph 8.20).

<

## 806.05(g)   Apparatus and Product Made * [R-3]

An apparatus and a product made by the apparatus can be shown to be distinct inventions if either or both of the following can be shown: (A) that the apparatus as claimed is not an obvious apparatus for making the product and the apparatus as claimed can be used to make \*\*>another materially different product<; or (B) that the product as claimed can be made by another * materially different apparatus.

Form paragraph 8.19 may be used for restriction requirements between apparatus and product made. \*\*>

¶ *8.19 Apparatus and Product Made*
Inventions [1] and [2] are related as apparatus and product made. The inventions in this relationship are distinct if either or both of the following can be shown: (1) that the apparatus as claimed is not an obvious apparatus for making the product and the apparatus can be used for making a materially different product or (2) that the product as claimed can be made by another materially different apparatus (MPEP § 806.05(g)). In this case [3].

**Examiner Note:**
1. This form paragraph is to be used when claims are presented to both the **apparatus** and **product made** (MPEP § 806.05(g)).
2. In bracket 3, use one or more of the following reasons:
(a) --the apparatus as claimed is not an obvious apparatus for making the product and the apparatus as claimed can be used to make a different product such as......--,
(b) --the product can be made by a materially different apparatus such as......--.
3. Conclude restriction requirement with one of form paragraphs 8.21.01 through 8.21.03.

<

The examiner must show by way of example either (A) that the apparatus as *claimed* is not an obvious apparatus for making the product and the apparatus *as claimed* can be used to make \*\*>another materially different product< or (B) that the product *as claimed* can be made by another * materially different apparatus.

The burden is on the examiner to provide an example, but the example need not be documented.

If applicant either proves or provides convincing argument that the alternative example suggested by the examiner is not workable, the burden is on the examiner to suggest another viable example or withdraw the restriction requirement.