**[g] Relation to Double Patenting.**

Division--barring joinder of independent inventions in one application--finds its converse in double patenting--barring separate patents on one invention. [70.] The two doctrines serve different policies, and there is no *a priori* reason why the criteria for the two should be the same. For example, it would not be irrational to view two claims as independent enough to require separate applications and fees but so related that separate patents with different issue dates should not be sustained. For a brief period, the Patent Office seemed to recognize expressly this possibility. In *Ex parte Holt* (1884), [71.] Acting Commissioner Dyrenforth indicated that divisional applications claiming a process and an apparatus for carrying out that process should be held pending so that they issued simultaneously thus avoiding any extension of the statutory period of monopoly (which is the basic objection to double patenting). [72.] However, *Holt* was overruled nine years later in *Ex parte Drawbaugh* (1893). [73.]

Generally, the Patent Office has recognized the alternate possibility--that two inventions may be so related as to be joinable in one application but not so related as to preclude separate applications and patents. [74.]

In two cases, the Commissioners considered whether inventions previously subject to a requirement of division could thereafter form the basis of a double patenting rejection. In *Ex parte Chambers* (1890), [75.] the original application claimed both a process and an apparatus for practicing the process. The examiner required division. The applicant complied, obtained a patent for the apparatus in a divisional application and continued to press his claim for the process. The examiner then rejected the process claim on double patenting grounds, citing the Supreme Court's decision in *Mosler Safe & Lock v. Mosler* (1891). [76.] Commissioner Mitchell overturned the rejection. First, he disagreed on the merits of double patenting. *Mosler* involved a process and resulting product in two patents. The present case involved apparatus and process as to which ``a clear line of division exists." Though the Office had at times allowed joinder, [77.] ``the capacity for division has always been recognized." Second, he viewed the rejection as in effect inconsistent with the prior requirement of division. Finally, he held that the examiner's action was reviewable by petition rather than appeal (the usual review procedure for rejections). ``If division was properly required, his present action cannot be justified. The question of division has always been held to pertain to the administrative side of the functions of the Commissioner." [78.]

*Chambers* was modified in *Ex parte Davis* (1904). [79.] Commissioner Allen held that a double patenting rejection was appealable and ``not reviewable upon petition." [80.] He also recognized that under some circumstances a rejection would be mandatory if the prior division requirement was clearly erroneous.

> ``[I]f the present claims cover the matter required to be divided out of the first case, the applicant is certainly entitled to very liberal consideration of them. It is believed under the circumstances that the courts would go far to sustain such claims and would give great weight to the fact that the Office required that they be presented separately. The Examiner should resolve any and all doubts in the applicant's favor, since the applicant should not be deprived of adequate protection by contradictory r ulings by the Office, except where it is beyond question that the patent if granted would be invalid." [81.]

Copyright 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.