IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TAKEDA CHEMICAL INDUSTRIES, LTD., A FOREIGN CORPORATION<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS, ACTING UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE<br><br>Defendant. | COMPLAINT<br><br>Civil Action No. 04-188-A |

FILED FEB 2 0 2004

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

### NATURE OF THE ACTION

1.  Plaintiff, Takeda Chemical Industries, Ltd. ("Takeda"), seeks relief from Defendant's arbitrary and capricious refusal to perform his official duties. Without explanation, Defendant, Jonathan W. Dudas, in his official capacity as acting Director of the United States Patent and Trademark Office (the "USPTO"), refuses to issue a decision constituting a final agency action regarding several of Takeda's pending petitions in an ongoing reexamination of one of Takeda's patents. Takeda seeks a writ of mandamus ordering the USPTO to issue a final agency action either granting Takeda's petitions or denying Takeda's petitions to allow Takeda to appeal the USPTO's final decision to this Court or to the Court of Appeals for the Federal Circuit.

2.  Takeda also seeks a writ of mandamus ordering the USPTO to strike a new ground of rejection that was made, contrary to USPTO regulations and written procedures, for the first time in an Examiner's Answer in the reexamination proceeding. Because this rejection

002.1153190.1

was improperly made for the first time in the Examiner's Answer, Takeda could not present a declaration or affidavit to rebut this rejection. Takeda will be irreparably harmed if the new ground of rejection is not stricken from the Examiner's Answer before the Board of Patent Appeals and Interferences ("the Board") of the USPTO issues a decision on the merits of this rejection.

3. Plaintiff also seeks a declaratory judgment that section § 804(II)(B)(2) of the USPTO Manual of Patent Examining Procedure ("MPEP"), the section relied on by the USPTO in making the new ground of rejection, is unlawful.

## THE PARTIES

4. Plaintiff, Takeda Chemical Industries, Ltd., is a Japanese corporation having its principal place of business at 17-85, Juso-honmachi 2-chome; Yodogawa-ku, Osaka 532 JAPAN.

5. Defendant, the Honorable Director Jonathan W. Dudas, is the acting Under Secretary of Commerce for Intellectual Property and acting Director of the United States Patent and Trademark Office acting in his official capacity.

## JURISDICTION AND VENUE

6. This action arises under the United States Patent Act, 35 U.S.C. §§ 101-*et seq.* (2000); the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (2000); the All Writs Act, 28 U.S.C. § 1651 (2000), and the Administrative Procedures Act, 5 U.S.C. § 701-706 (2000).

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 1361 (2000). This action arises, at least in part, under federal law and specifically the patent laws. This action seeks to compel the USPTO to perform a duty owed to Takeda.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) (2000). A substantial portion of the events giving rise to this action occurred in this District, and the USPTO is present here. Furthermore, the USPTO's "principal office," used in 35 U.S.C. § 1(b)(2000), is believed to be in Arlington, VA. 68 Fed. Reg. 14332 (Mar. 25, 2003). Thus, the USPTO is a resident of Arlington, VA, which is in this District.

## FACTS COMMON TO ALL CLAIMS

9. U.S. Patent No. 5,583,216 ("the '216 patent"), issued December 10, 1996, in the name of Michihiko Ochiai, et al., titled "Methods For The Manufacture Of Cephems." The '216 patent issued from a patent application filed January 8, 1990. The '216 patent issued after the United States Court of Appeals for the Federal Circuit reversed a decision of the Board in In re Ochiai, 71 F.3d 1565 (Fed. Cir. 1995). A large portion of the nearly six year prosecution of the '216 patent was due to the lengthy appeal process at the United States Court of Appeals for the Federal Circuit. The '216 patent is enforceable.

10. The inventors assigned the '216 patent to Takeda.

11. On April 3, 1998, an anonymous third party filed a request with the USPTO to reexamine the '216 patent under 35 U.S.C. §§ 302-307 (1994) and 37 C.F.R. § 1.510 (1997).

12. On June 25, 1998, the USPTO granted the reexamination request and instituted a reexamination of the '216 patent under reexamination control number 90/004,950 ("the '950 reexamination").

13. On December 22, 1998, an anonymous third party filed a second request to reexamine the '216 patent in the USPTO. This request was granted and merged with the '950 reexamination.

002.1153190.1

3

14. Currently, the '950 reexamination is nearing its <u>sixth year</u> of pendency with no end in sight. By the time this case will be heard, the '950 reexamination will have lasted longer than the period for examination of the patent application that led to the '216 patent (5 years, 11 months, 2 days), a period which included a lengthy appeal to the United States Court of Appeals for the Federal Circuit.

15. Reexaminations must proceed with "special dispatch" for the duration of the reexamination. 35 U.S.C. § 305; MPEP § 2261. Despite this requirement of "special dispatch," the '950 reexamination has been lingering since 1998. The USPTO has neither issued a final rejection of any claims nor sustained the patentability of any claims.

16. The '950 reexamination is being conducted in Technology Center 1600 of the USPTO. Even a Director of Technology Center 1600 described the history of this reexamination as "extensive and tedious." As explained more fully below, during the reexamination, the USPTO examiner issued six non-final Office Actions rejecting the claims on numerous grounds to which Takeda filed timely responses. During this process, the examiner unreasonably reversed his position on at least one ground of rejection.

17. The '950 reexamination was initially assigned to Examiner John Ford of USPTO Technology Center 1600. In the first Office Action issued September 17, 1998, Examiner Ford never rejected any claims under the doctrine of double patenting. In fact, Examiner Ford stated, "Requester spends considerable time on Judicial Double Patenting. None is seen here. No unwarranted extension of monopoly is seen here, as a product and the process by which it is produced are different statutory classes of invention...." Takeda timely filed a response to the Office Action on November 7, 1998.

18. In the second Office Action mailed January 14, 1999, Examiner Ford revisited the issue of double patenting and stated "[i]t appears on re-reading that the restriction not found in the files, by the Requestor, was for removing the compounds (claims 1-6) from Ochiai '216. The examiner has not found that restriction, and the need for a terminal disclaimer is still alive for reasons set out in the Ochiai training materials, set out on pages 2-3 of the first Office Action."

19. According to USPTO Rules, the Office Action must be complete as to all matters. 37 C.F.R. § 1.104(b). More specifically, where a claim is refused for any reason relating to the merits thereof it should be "rejected" and the ground of rejection fully and clearly stated, and the word "reject" must be used.

20. Takeda responded to the second Office Action by filing a Petition for Missing Parts of Office Action and Re-Starting Period for Response on February 12, 1999, asking for a comprehensible explanation of exactly which claims Examiner Ford rejected and for what reasons. In particular, the Petition requested that the Examiner specifically identify the claims that were rejected for obviousness-type double patenting, the patents that formed the basis of this rejection, and the claims in the patents that formed the basis of the rejection. This information was necessary for Takeda to respond to the rejection on the merits.

21. In response to the Petition for Missing Parts of Office Action, Examiner Ford issued a Decision titled "Office Communication" on March 9, 1999, stating that the obviousness-type double patenting rejection was "only noted as a serious question here that Requester is trying to develop." Examiner Ford went on further to state that the rejection had not actually been made. Takeda then timely filed a response to the second Office Action on April 14, 1999.

22. After explicitly stating that no double patenting rejection was proper in the first Office Action and then raising the question of double patenting in the second Office Action,

002.1153190.1

5

Examiner Ford completed his 180 degree turn in the third Office Action mailed June 3, 1999, and issued a single obviousness-type double patenting rejection. However, the Examiner never identified the claims that were rejected for obviousness-type double patenting, the patents that formed the basis of this rejection, and the claims in the patents that formed the basis of the rejection, as requested in Takeda's Petition for Missing Parts of Office Action. Takeda timely filed a response to the third Office Action on December 3, 1999.

23. Examiner Ford issued a fourth non-final Office Action on February 29, 2000, in which he maintained the obviousness-type double patenting rejection of all pending claims over unspecified patents. Takeda timely filed a response on June 29, 2000.

24. Examiner Ford issued a fifth non-final Office Action on October 26, 2000, in which he maintained the obviousness-type double patenting rejection. In response, Takeda timely filed a Notice of Appeal to the Board on December 20, 2000.

25. Examiner Ford then issued a sixth, non-final, "Supplemental" Office Action on February 14, 2001. In this Office Action, Examiner Ford alleged that "art continues to surface that needs consideration, here." Examiner Ford maintained the double patenting rejection of the pending claims and for the first time identified that the rejection was being made over U.S. Patent No. 4,203,899. Again, Takeda timely filed a Notice of Appeal to the Board on June 12, 2001, and timely submitted its Brief on Appeal on August 10, 2001.

26. The MPEP lists three different types of double patenting rejections.

27. The first type of double patenting rejection is the _statutory_ double patenting rejection based on 35 U.S.C. § 101 that is described in MPEP § 804(II)(A) titled "Statutory Double Patenting–35 U.S.C. 101."

28. The second type of double patenting rejection is the <u>nonstatutory, obviousness type</u> double patenting rejection based on a judicially created doctrine that is described in MPEP § 804(II)(B)(1) titled "Obvious Type."

29. The third type of double patenting rejection is the <u>non-statutory</u>, double patenting rejection based on In re Schneller, 397 F.2d 350 (C.C.P.A. 1968). This rejection is described in MPEP § 804(II)(B)(2) titled "Another Type of Nonstatutory Double Patenting Rejection." This third type of double patenting rejection is sometimes referred to as a <u>nonstatutory, **non-obviousness type**</u> double patenting rejection to distinguish it from the second type mentioned in the previous paragraph, i.e., <u>nonstatutory, **obviousness type**</u> double patenting rejection.

30. A new examiner was assigned *sua sponte* by the USPTO to prepare the Examiner's Answer to Takeda's Brief on Appeal. The Examiner's Answer was mailed February 8, 2002. The Examiner's Answer for the first time included two separate double patenting rejections.

31. The first double patenting rejection was made in paragraph 8 of the Examiner's Answer and was apparently the obviousness-type double patenting rejection that was made by Examiner Ford in the previous Office Actions. This rejection used MPEP form paragraphs 8.33 and 8.34 that are in MPEP § 804(II)(B)(1). In paragraph 8 of the Examiner's Answer, claims 1-5 of the '950 reexamination application were rejected over U.S. Patent No. 4,203,899 that was mentioned in the double patenting rejection in the sixth Office Action as well as over U.S. Patent Nos. 4,098,888 and 4,298,606 that were mentioned neither in the double patenting rejection in the sixth Office Action nor in any other rejection in a previous Office Action.

32.  The second double patenting rejection was made for the first time in the '950 reexamination in paragraph 9 of the Examiner's Answer. This rejection used the first part of MPEP form paragraph 8.38 which is part of MPEP § 804(II)(B)(2) titled "Another Type of Nonstatutory Double Patenting Rejection." Thus, the second double patenting rejection was a nonstatutory, non-obviousness type double patenting rejection based on In re Schneller, 397 F.2d 350 (C.C.P.A. 1968) and MPEP § 804(II)(B)(2). This new ground for rejection is based on U.S. Patents Nos. 4,098,888 and 4,298,606. Yet neither patent is mentioned in a rejection in the sixth Office Action. Therefore, the second double patenting rejection was not only made over two previously unidentified patents but was also made under the guidance of a different MPEP section and under a different ground than the first double patenting rejection.

33.  Furthermore, the second double patenting rejection in the Examiner's Answer was a rejection of claims 1-5 of the '950 reexamination application over U.S. Patent Nos. 4,098,888 and 4,298,606. Yet neither patent is mentioned in a rejection in the sixth Office Action, because Examiner Ford made a double patenting rejection over U.S. Patent No. 4,203,899 in the sixth Office Action. As a result, the second double patenting rejection in the Examiner's Answer identified a new ground of rejection that was not in the record.

34.  An Examiner's Answer to the Appeal Brief must not include a new ground of rejection. 37 C.F.R. § 1.193(a)(2); MPEP § 1208.01.

35.  The USPTO takes the position in MPEP § 804(II)(B)(2) that In re Schneller is limited to its facts and that rejections based on In re Schneller will be rare. In fact, according to MPEP § 804(II)(B)(2), an examiner wishing to make a Schneller type double patenting rejection must first obtain the approval of his or her Supervisory Patent Examiner ("SPE"), and if the SPE agrees with the rejection, then a Technology Center Director must approve the rejection.

36. The record in the '950 reexamination shows no indication that the Examiner followed this protocol in preparing the Examiner's Answer or that a Technology Center Director ever approved a Schneller type double patenting rejection in any of the Office Actions or in the Examiner's Answer.

37. According to MPEP § 804(II)(B)(2), a patent applicant may overcome a Schneller double patenting rejection by establishing a reason why applicant was prevented from presenting the claims corresponding to those in the patent application at issue during the prosecution of the previous application that matured into the patent used in the double patenting rejection. Such evidence is often provided to the USPTO in the form of a sworn declaration or affidavit that explains the reasons why the claims subject to the double patenting rejection were not earlier presented.

38. Takeda could not submit such a declaration or affidavit as a matter of right, because declarations and other new evidence cannot be presented after filing of the Brief on Appeal as a matter of right. 37 C.F.R. § 1.195.

39. Furthermore, even though Takeda can appeal the Board decision to the United States Court of Appeals for the Federal Circuit or the District Court for the District of Columbia, neither court reviews the Board's factual determinations *de novo*.

40. If the Board decision sustains the new double patenting rejection without the benefit of a declaration or affidavit traversing the rejection, then the District Court for the District of Columbia may give deference to the Board decision, even if such a declaration or affidavit traversing the rejection is presented in a trial at the District Court for the District of Columbia. Appeals to the District Court incur excess expense, delay the case's ultimate disposition, and multiply similar proceedings.

41.     In the United States Court of Appeals for the Federal Circuit, Takeda would not even be given the opportunity to submit a declaration or affidavit.

42.     Takeda filed a Reply Brief on April 8, 2002. In response to the new double patenting rejection in the Examiner's Answer, the Reply Brief provided a reason why Takeda was prevented from presenting the claims pending in the reexamination application during the prosecution of the previous application that matured into the patent used in the double patenting rejection. However, this reason was necessarily limited to legal argument rather than being in the form of a sworn declaration or affidavit per 37 C.F.R. § 1.195.

43.     Takeda also filed a first Petition to Commissioner of Patents under 37 C.F.R. §1.181 and MPEP § 1208 on April 8, 2002, to strike the new double patenting rejection.

44.     More than three months after Takeda filed the first Petition, Bruce Kisliuk, a Director of USPTO Technology Center 1600, issued a Petition Decision on July 15, 2002, denying Takeda's first Petition. According to the Decision, the Examiner's Answer did not contain a new ground of rejection. At the same time, the Petition Decision admits that the double patenting rejections "were not clearly delineated or set forth as two separate Obvious Double Patenting rejections" in the Office Actions.

45.     According to USPTO procedure, the Director of Technology Center 1600 must approve any double patenting rejection based on In re Schneller before it is made for the first time. MPEP § 804(II)(B)(2). According to the official agency record, however, a Director of Technology Center 1600 did not approve this rejection.

46.     The decision of the Technology Center Group Director, believed to be under the authority of MPEP §1002.02(c)(8), constituted non-final agency action according to the MPEP, because it set forth a two month period for requesting reconsideration, and because MPEP §

1002.02 states that only decisions under MPEP § 1002.02 (b), (f), (g), (j) and (o) are final agency actions. In contrast, authority for Technology Center Director decisions is provided by MPEP §1002.02(c), and these decisions do not constitute final agency action.

47.   On September 9, 2002, Takeda timely filed a second Petition under 37 C.F.R. §1.181(a) and MPEP § 1208 to the Commissioner of Patents to review the decision of the Technology Center Director and to issue a final agency action.

48.   The USPTO has failed to respond to the Takeda's second Petition, thus failing to issue a final agency action for over one year and four months.

49.   On October 8, 2002, Takeda received a form letter from the USPTO advising Takeda that the '950 reexamination application has been forwarded to the Board for a decision on the merits. No mention was made of Takeda's second, unanswered Petition requesting final agency action. It is believed that the Board decision will not be stayed pending the petition to the Commissioner of Patents or an appeal to this Court. 37 C.F.R. § 1.181(f); MPEP § 1002.

50.   Takeda filed three additional petitions–one under 37 C.F.R. § 1.181 on October 18, 2002, and two under 37 C.F.R. § 1.182 on April 30, 2003 and December 1, 2003, respectively–to the Commissioner of Patents to issue a final agency action to be able to appeal the decision of the Technology Center Director to this Court.

51.   Thus far, the USPTO has not responded to Takeda's second, third, fourth, or fifth petitions ("pending petitions").

52.   Takeda regularly filed several inquiries with the USPTO requesting an update on the status of the case from November 15, 2002, to December 1, 2003, and a separate filing calling for action. No response has been received to any of these requests.

## FIRST CLAIM FOR RELIEF

### Writ of Mandamus Ordering Final Agency Action

53. Takeda incorporates by reference paragraphs 1 through 52.

54. Takeda has a clear right to have its pending petitions decided by the USPTO.

55. The USPTO has a clear and unmistakable duty to issue a final decision on Takeda's pending petitions. The duty of the USPTO to decide petitions is clearly prescribed and entirely free from doubt.

56. The USPTO's failure to decide Takeda's pending petitions is arbitrary, capricious, and an abuse of discretion.

57. Takeda has exhausted all possible remedies except a writ mandamus to compel the USPTO to perform its duty.

58. The Administrative Procedure Act requires federal administrative agencies to conclude matters presented to them "within a reasonable time" and provides for judicial review to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 555(b), 706. Furthermore, 35 U.S.C. § 305 requires the USPTO to conduct all reexamination proceedings with "special dispatch."

59. Takeda seeks a writ of mandamus ordering the USPTO, and its Director, to issue a final agency action either granting any one or more Takeda's petitions to strike the new double patenting rejection in the Examiner's Answer or sustaining the Decision of the Technology Center Director in a final agency action to allow the Takeda to appeal the USPTO petition Decision to this Court or to the United States Court of Appeals for the Federal Circuit.

## SECOND CLAIM FOR RELIEF

### Writ of Mandamus Striking New Rejection From Examiner's Answer

60. Takeda incorporates by reference paragraphs 1 through 52.

61. Takeda seeks a writ of mandamus ordering the USPTO, and its Director, to strike the new double patenting rejection based on In re Schneller from the Examiner's Answer prior to final agency action, because a further delay would cause irreparable harm to the Takeda.

62. A showing of irreparable harm may serve as an exception to the Administrative Procedures Act ("APA") final agency action requirement.

63. The USPTO made a double patenting rejection based on In re Schneller for the first time in an Examiner's Answer, in violation of 37 C.F.R. § 1.193(a)(2) and MPEP § 1208. This agency action is arbitrary, capricious, and otherwise not in accordance with the law.

64. Takeda is prevented from presenting a declaration or affidavit to rebut the double patenting rejection based on In re Schneller, because this rejection was improperly presented for the first time in an Examiner's Answer. A declaration or affidavit cannot be admitted as a matter of right after filing of an appeal. 37 C.F.R. § 1.195.

65. Takeda would be irreparably harmed if the USPTO Board of Patent Appeals and Interferences issues a decision on the pending appeal, because, for example, the Board would not have the benefit of Takeda's declaration or affidavit traversing the double patenting rejection based on In re Schneller.

66. Takeda has a right to appeal the Board decision to the Court of Appeals for the Federal Circuit or to the District Court for the District of Columbia.

67. However, no new evidence may be presented in an appeal to the Court of Appeals for the Federal Circuit. Thus, a declaration or affidavit traversing the double patenting rejection is not admissible in such an appeal.

68. The District Court for the District of Columbia no longer reviews Board decisions *de novo* and may accord deference to the Board decision regarding patent validity. If the Board issues an adverse decision to Takeda on the double patenting rejection without the benefit of a declaration or affidavit traversing the rejection, then the District Court for the District of Columbia may give deference to the Board decision, even if such a declaration or affidavit traversing the rejection is presented in a trial at the District Court for the District of Columbia. Moreover, appeals to the District Court incur excess expense, delay the case's ultimate disposition, and multiply similar proceedings. Furthermore, in the United States Court of Appeals for the Federal Circuit, Takeda would not even be given the opportunity to submit a declaration or affidavit.

69. Therefore, Takeda would be irreparably harmed if the Board is allowed to issue a decision on the double patenting rejection based on In re Schneller. The double patenting rejection in paragraph 9 of the Examiner's Answer based on In re Schneller should be stricken from the Examiner's Answer.

70. If the USPTO wishes to make a double patenting rejection based on In re Schneller in the '950 reexamination, then the USPTO should withdraw the Examiner's Answer and make this rejection in a new, non-final Office Action to allow Takeda a fair opportunity to respond to this rejection on the merits.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment Striking MPEP § 804(II)(B)(2) Void As Being Unlawful

71.  Takeda incorporates by reference paragraphs 1 through 52.

72.  Takeda seeks a declaratory judgment that MPEP § 804(II)(B)(2), which authorizes double patenting rejections based on In re Schneller, is void as being unlawful. This is a facial challenge to this MPEP section.

73.  Facial challenges to MPEP sections as being unlawful serve as an exception to the APA final agency action requirement.

74.  There exists an actual controversy between the parties about the propriety of double patenting rejections based on In re Schneller, as noted in Takeda's Reply Brief to the Board and in Takeda's petitions.

75.  The new double patenting rejection based on In re Schneller in the Examiner's Answer was made pursuant to MPEP § 804(II)(B)(2) titled "Another Type of Nonstatutory Double Patenting Rejection."

76.  MPEP § 804(II)(B)(2) is based on a clearly erroneous interpretation of applicable case law by the USPTO and is therefore unlawful.

77.  The double patenting rejection described in MPEP § 804(II)(B)(2) is based solely on a plurality opinion of Court of Customs and Appeals ("CCPA") Judge Giles Rich in In re Schneller, 397 F.2d 350 (CCPA 1968).

78.  However, the plurality opinion of Judge Rich is merely dicta and not the holding in In re Schneller, because it was not joined by at least two other judges of the five judges on the panel of the CCPA.

79.   The concurrence of Judges Worley and Kirkpatrick, which concur in the result reached by Judge Rich, is the actual holding of In re Schneller under the narrowest grounds doctrine of Marks v. United States, 430 U.S. 188, 193 (1977).

80.   In re Schneller is strictly limited to its facts and cannot serve as precedent for a distinct type of double patenting rejection.

## PRAYER FOR RELIEF

Plaintiff prays:

A.   For an order directing the USPTO, and its Director, to issue a final agency action either granting any one or more of Plaintiff's petitions to strike the new double patenting rejection based on In re Schneller in the Examiner's Answer or sustaining the decision of the Technology Center Director in a final agency action;

B.   For an order directing the USPTO, and its Director, to strike the new double patenting rejection based on In re Schneller from the Examiner's Answer prior to final agency action, because a delay would cause irreparable harm to the Plaintiff;

C.   For an order declaring that MPEP § 804(II)(B)(2), which authorizes double patenting rejections based on In re Schneller, is void as being unlawful; and/or

D.   For such other and further relief as the Court deems just and equitable.

Dated: 2/26/4

By: _____
SEAN ALLEN PASSINO (VA 47,268)
FOLEY & LARDNER
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007
tel: (202) 295-4166
fax: (202) 672-5399
Attorney for Plaintiff
Takeda Chemical Industries, Ltd.

002.1153190.1

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2004 APR -7  A 11: 01

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TAKEDA CHEMICAL INDUSTRIES, ) <br> LTD., a foreign corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JONATHAN W. DUDAS, ) <br> Acting Under Secretary of Commerce ) <br> For Intellectual Property and ) <br> Acting Director of the United States ) <br> Patent and Trademark Office, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 04-188-A |

## JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE

Plaintiff Takeda Chemical Industries, Ltd. (Takeda), and Defendant Jonathan W. Dudas, Acting Director of the United States Patent and Trademark Office (Acting Director), through their undersigned attorneys, respectfully move this Court to dismiss Plaintiff's complaint without prejudice.

Plaintiff Takeda has a patent application pending before the United States Patent and Trademark Office (PTO). Takeda petitioned the PTO for relief from a patent examiner's action, but the PTO has not issued a decision on Takeda's petition. The present complaint seeks an order from this Court mandating the PTO issue a decision on Takeda's petition.

The PTO was in the process of deciding the petition, when Takeda's complaint was received. The Acting Director agrees to issue a decision concerning the petition within 30 days of the entry of this order. As the PTO agrees to issue a decision without unreasonable delay, this Complaint may be dismissed. The parties agree that dismissal without prejudice is appropriate.

A proposed ORDER is attached.

Respectfully submitted,

_____
SEAN ALLEN PASSINO
Virginia Bar No. 47268
Foley & Lardner
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007
(202) 295-4166

*Attorney for Plaintiff*

_____
JOHN M. WHEALAN
Solicitor
By: STEPHEN WALSH
Virginia Bar No. 42434
Associate Solicitor
P.O. Box 15667
Arlington, VA 22215
(703) 305-9035

_____
PAUL J. MCNULTY
United States Attorney
By: DENNIS E. SZYBALA
Assistant U.S. Attorney
Virginia Bar No. 22785
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3747

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TAKEDA CHEMICAL INDUSTRIES, )<br>LTD., a foreign corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JONATHAN W. DUDAS, )<br>Acting Under Secretary of Commerce )<br>For Intellectual Property and )<br>Acting Director of the United States )<br>Patent and Trademark Office, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 04-188-A |

## ORDER

Upon consideration of the parties' JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE, it is

ORDERED that the motion is granted, and

ORDERED that the complaint is dismissed without prejudice.

Date:_____

_____
James C. Cacheris
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2004, I caused a copy of the foregoing JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE and proposed ORDER to be transmitted via first class mail to:

>Sean A. Passino
>Foley & Lardner LLP
>3000 K Street
>Suite 500
>Washington, D.C. 20007-5143

*Stephen Walsh*
Stephen Walsh
Associate Solicitor
U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, Virginia 22215
703-305-9035