# DX 35
# (Part 1)

*Reexam.*
*GRP 1600*
*CMI-11D17*
*SPRE*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 087147/0265

*10½*

Reexamination No. 90/004,950

FEB 1 6 1999

Filed: April 3, 1998

U.S. Patent No. 5,583,216

Group Art Unit: 1611

Issued: December 10, 1996

Examiner: Mr. John M. Ford

Title:    METHODS FOR THE MANUFACTURE OF CEPHEMS

## PETITION FOR MISSING PARTS OF OFFICE ACTION AND RE-STARTING PERIOD FOR RESPONSE

Commissioner for Patents and Trademarks
Washington, D.C. 20231

I hereby certify that this correspondence is being deposited with the U.S. Postal Service as first class mail in an envelope addressed to: Honorable Assistant Secretary and Commissioner of Patents and Trademarks, Washington, D.C. 20231 on 2-12-99
(Date)

(Signature)

Sir:

Pursuant to MPEP § 710.06,[1] the undersigned representative of the patentee hereby petitions for missing parts of the Office Action mailed on January 14, 1999 and for re-starting the period for response. On pages 5-7 of the Office Action, obviousness-type double patenting is discussed. However, the Office Action does not indicate (1) which claims are being rejected based upon obviousness-type double patenting, (2) which patent(s) and references form the basis of such rejection, and (3) which claims within the patent or patents form the basis of such rejection. The patentee cannot effectively respond to the obviousness-type double patenting rejection without these missing items (1)-(3).

On page 7, lines 5-7, the Office Action states that "the need for a terminal disclaimer is still alive for the reasons set out in the Ochiai training materials, set out on pages 2-3 of the

---

[1] In relevant part, MPEP § 710.06 provides:

Where the citation of a reference is incorrect or an Office action contains some other defect and this error is called to the attention of the Office within 1 month of the mail date of the action, the Office will restart the previously set period for reply to run from the date the error is corrected, if requested to do so by applicant.

Reexamination No. 90/004,950
Ochiai et al., U.S. Patent No. 5,583,216

"first Office Action." After careful review of pages 2-3 of the Order to Reexamine (presumably what the outstanding Office Action refers to as the "first Office Action") and all of the text on pages 5-7 of the outstanding Office Action, it is still not clear which claims are actually being rejected based on obviousness-type double patenting. Furthermore, it is not clear which patent or patents form the basis of the rejection and which claims within the patent or patents form the basis of the rejection. It is unclear if the obviousness-type double patenting rejection here is based on some or all of the same references cited by the requester. The patentee needs this missing information in order to assess the rejection and prepare an appropriate response.

In conclusion, the patentee respectfully requests missing items (1)-(3) and re-starting of the period for response.

Respectfully submitted,

_____February 12, 1999_____

Stephen B. Maebius
Reg. No. 35,264

FOLEY & LARDNER
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007-5109
Tel: (202) 672-5569
Fax: (202)672-5399



# 12

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 087147/0265

Reexamination No. 90/004,950                    Attn:  John Kittle, Group Director

Filed:  April 3, 1998

U.S. Patent No. 5,583,216                       Group Art Unit:  1611

Issued: December 10, 1996                       Examiner:  Mr. John M. Ford

Title:   METHODS FOR THE MANUFACTURE OF CEPHEMS

### PETITION FOR EXTENSION OF TIME
### UNDER 37 C.F.R. 1.550(C)

Commissioner for Patents and Trademarks
Washington, D.C.  20231

> I hereby certify that this correspondence is being deposited
> with the U.S. Postal Service as first class mail in an envelope
> addressed to: Honorable Assistant Secretary and Commissioner of
> Patents and Trademarks, Washington, D.C. 20231 on 2-14-99
>                                              (Date)
>
>                        _____
>                               (Signature)

Sir:

   Pursuant to 37 C.F.R. 1.550(c) and M.P.E.P. § 2265, the undersigned representative of the patentee hereby petitions for a two-month extension of time to give the patentee until May 14, 1999 to file a response to the outstanding Office Action (which was mailed on January 14, 1999).  M.P.E.P. § 2265 provides that petitions for extension of time in reexamination are decided by the Group Director, so this petition has been directed to the attention of the Group Director.

   As explained below, there is sufficient cause to justify the extension of time and the two-month period would be reasonable in view of this sufficient cause.

## I.  Numerous Issues Raised In Outstanding Office Action

   The first group of reasons that justifies the requested two-month extension of time is the sheer number of issues raised in the outstanding Office Action and in the recently granted second reexamination.

Reexamination No. 90/004,950
Ochiai et al., U.S. Patent No. 5,583,216

     (a) The Office Action mailed on January 14, 1999 sets forth four different rejections under 35 U.S.C. 103.

     (b) Eight different prior art references are cited in the rejections under 35 U.S.C. 103.

     (c) In addition, the Office Action raises a fifth rejection based on obviousness-type double patenting.

     (d) Moreover, the Office Action raises the issue of whether certain claims are entitled to the benefit of the earliest claimed priority date.

     (e) On top of that, the Patent Office recently granted a second request for reexamination of the same patent (by Order mailed February 2, 1999), which further complicates the patentee's response. The second request for reexamination is the subject of a Petition to Strike filed by the patentee on January 8, 1999 (which was hand carried to Special Programs Examiner William Dixon). The Patent Office has so far not responded to the patentee's Petition to Strike the second request for reexamination.

     Manifestly, the original two-month period is insufficient time in which to respond to the numerous issues raised in the outstanding Office Action and the further issues created by the recent Order granting reexamination in the second request for reexamination of this patent.

## II. The Obviousness-Type Double Patenting Rejection Is Ambiguous

     The second grounds in support of this petition is the ambiguities in the obviousness-type double patenting rejection. These ambiguities were the subject of a Petition for Missing Parts and Re-Starting the Response Period, which was filed on February 12, 1999. The Patent Office has so far not responded to this Petition.

     On pages 5-7 of the Office Action, obviousness-type double patenting is discussed. However, the Office Action does not indicate (1) which claims are being rejected based upon obviousness-type double patenting, (2) which patent(s) and references form the basis of such rejection, and (3) which claims within the patent or patents form the basis of such rejection.

-2-

Reexamination No. 90/004,950
Ochiai et al., U.S. Patent No. 5,583,216

The patentee cannot effectively respond to the obviousness-type double patenting rejection
without these missing items (1)-(3).

On page 7, lines 5-7, the Office Action states that "the need for a terminal disclaimer is
still alive for the reasons set out in the Ochiai training materials, set out on pages 2-3 of the
first Office Action." After careful review of pages 2-3 of the Order to Reexamine (presumably
what the outstanding Office Action refers to as the "first Office Action") and all of the text on
pages 5-7 of the outstanding Office Action, it is still not clear which claims are actually being
rejected based on obviousness-type double patenting. Furthermore, it is not clear which patent
or patents form the basis of the rejection and which claims within the patent or patents form the
basis of the rejection. It is unclear if the obviousness-type double patenting rejection here is
based on some or all of the same references cited by the requester. The patentee needs this
missing information in order to assess the rejection and prepare an appropriate response, which
is further justification for the 2-month extension of time requested herein.

-3-

Reexamination No. 90/004,950
Ochiai et al., U.S. Patent No. 5,583,216

    In conclusion, the patentee respectfully requests a two-month extension of time for the reasons set forth above in this Petition and/or restarting of the period for response when the Patent Office mails out missing items (1)-(3) requested in the Petition for Missing Parts filed on February 12, 1999.

                                                                  Respectfully submitted,

February 24, 1999

Stephen B. Maebius
Reg. No. 35,264

FOLEY & LARDNER
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007-5109
Tel: (202) 672-5569
Fax: (202)672-5399



-4-

*Reexam*

PATENT

*TC 1624*

*Rem.*

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Attorney Docket No. 087147/0265 *2688*

*#60*

| | |
|---|---|
| Reexamination No. 90/004,950 | Reexamination No. 90/005,200 |
| Date Filed: April 3, 1998 | Filed: December 22, 1998 |
| U.S. Patent No. 5,583,216 | Group Art Unit: 1624 |
| Issued: December 10, 1996 | Examiner: Emily Bernhardt |

Entitled:    METHODS FOR THE MANUFACTURE OF CEPHEMS

**REQUEST TO THE DIRECTOR FOR CLARIFICATION OF HIS
STATEMENT CONCERNING APPEALABILITY OF ANY SUBSEQUENT
NON-FINAL ACTION IN THIS CASE**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450
Sir:

Responsive to the decision granting the petition dated April 13, 2004, the decision indicates the possibility of a non-final Office action and suggests that the Patentee in this case would not be permitted to file a direct appeal from such a non-final office action under 35 USC § 134.

It is respectfully submitted that this position is wrong and inconsistent with the statute.

An immediate answer to this inquiry is needed so that, if and when there is a non-final action, Patentee will have the opportunity to immediately understand the options that he has for dealing with such a non-final action, given the short period of time that is given in any reexamination for a patentee to proceed.

**DISCUSSION**

The Director's decision appears to be based on an assumption that the *current* version of 35 USC § 134 would apply to the instant reexamination.  It

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

should be noted that Pub. L. 106-113 [§ 4605(b)] rewrote the section which formerly read: "An applicant for a patent, *any of whose claims has been twice rejected*, may appeal from the decision of the primary examiner to the Board of Patent Appeals and Interferences, having once paid the fee for such appeal," (emphasis supplied) and limited the right of appeal only to applicants whose claims had been finally rejected. But rules promulgated under the law are prospective, i.e., do not apply retroactively.

Since the patent was granted and the reexamination was commenced *before* the 1999 change to 35 USC § 134, the old version of the law should apply to this case. This is also consistent with the recent *Federal Register* posting of the final rulemaking, *Changes to Implement the 2002 Inter Partes Reexamination and Other Technical Amendments to the Patent Statute*, 68 Federal Register 70996 (2003). In that notice there is "Comment 2" which the Office has summarized in the following manner:

> One comment points out that the effective date language in section 4608 of the AIPA changes to 35 U.S.C. 134 *** was to be 'phased in only years after enactment,' i.e., only for an ex parte reexamination that was based upon an original application filed on or after November 29, 1999. This would have taken many years to become effective, thus providing a gradual transition. Instead, the comment notes, Public Law 107-273 accelerates the effective date provision to apply to *any reexamination filed on or after November 29, 1999 ***.* The comment urges that this change has accelerated the existence of a situation where an examiner can 'suppress a case from appellate review 'forever' simply by refraining from making a rejection final.'

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

68 Federal Register at *71002* (emphasis added).  Nothing in the "Response" that

follows in any way controverts the fact that the effective date provision,

therefore, does *not* apply to a reexamination such as the current one that was filed

*before* November 29, 1999.  This is shown by the PTO's comment in the same

Federal Register notice:

> Response:  If a patent owner believes that a reexamination proceeding is
> being 'suppressed' from appellate review by the examiner's refraining
> from making a rejection final, the patent owner may file a petition under §
> 1.181(a) requesting that the most recent Office action by the examiner be
> designated as a final rejection so as to permit an appeal.  Such a petition
> should be accompanied by a showing as to why the most recent Office
> action should have been designated as a final rejection.  If such a petition is
> denied by the Technology Center Director, the patent owner could seek
> further review by way of a petition under § 1.181(a)(3) requesting higher
> level review of the decision of the Technology Center Director.  Since a
> petition under § 1.181 does not operate to stay the reexamination
> proceeding (§ 1.181(f)), it is advisable that the petition under § 1.181(a) be
> accompanied by a notice of appeal and appeal fee set forth in § 1.17(b)
> (which will be refunded as unnecessary if the petition is denied) and a
> request for an extension of time under § 1.550(c) to respond to the most
> recent Office action (since an appeal is not a proper response to a non-final
> Office action and the period for response to the Office action continues to
> run if the petition is denied).  However, it must be remembered that in no
> case can the period for response be extended so as to expire later than six
> months from the date of the most recent Office action."

See also MPEP § 1205, Notice of Appeal, "APPEAL BY PATENT OWNER"

(MPEP 8th ed. 2003)("In an ex parte reexamination of a patent that issued from

an original application filed before November 29, 1999, the patent owner may

appeal to the Board either (A) after final rejection of the claims, or (B) after the

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

second rejection of the claims.   This is based on the version of 35 U.S.C. 134 in

existence prior to the amendment of the reexamination statute on November 29,

1999 by Public Law 106-113.").

Respectfully submitted,

Date: _April 19, 2004_

_for_ Harold C. Wegner    _Reg No 35,264_
Registration No. 25,258

Stephen B. Maebius
Registration No. 35,264

**FOLEY & LARDNER LLP**
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
Tel:  (202) 672-5569
Fax:  (202)672-5399

Should additional necessary in connection with the filing of this paper, or if a petition for extension of time is required to maintain the pendency of same, the Commissioner is hereby authorized to charge Deposit Account No. 19-0741 for any such fees and petition fees for any needed extension of time.

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 19, 2004, service of a true and complete

copy of a **REQUEST TO THE DIRECTOR FOR CLARIFICATION OF HIS**

**STATEMENT CONCERNING APPEALABILITY OF ANY SUBSEQUENT NON-FINAL**

**ACTION IN THIS CASE** was made upon E. Thomas Wheelock, attorney for the Third

Party Requester, by depositing the same in the United States mail in an envelope

properly addressed to E. Thomas Wheelock, Morrison & Foerster, 755 Page Mill

Road, Palo Alto, California 94304-1018, with sufficient first class postage affixed.


_____
Stephen B. Maebius

#17

**Attn: John Kittle, Group Director**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**Attorney Docket No. 087147/0265**

| | |
|---|---|
| Reexamination No. 90/004,950 | Reexamination No. 90/005,200 |
| Filed: April 3, 1998 | Filed: December 22, 1998 |
| U.S. Patent No. 5,583,216 | Group Art Unit: 1611 |
| Issued: December 10, 1996 | Examiner: Mr. John M. Ford |
| Title: METHODS FOR THE MANUFACTURE OF CEPHEMS | |

### PETITION FOR EXTENSION OF TIME
### UNDER 37 C.F.R. 1.550(C)

Commissioner for Patents and Trademarks
Washington, D.C. 20231

**APPROVED**
*for TWO MONTHS*
*Response due 12/3/99*
*[signature]*
*SPRE, TC 1600/2900*

Sir:

Pursuant to 37 C.F.R. 1.550(c) and M.P.E.P. § 2265, the undersigned representative of the patentee hereby petitions for a two-month extension of time to give the patentee until December 3, 1999 to file a response to the outstanding Office Action (which was mailed on August 3, 1999). M.P.E.P. § 2265 provides that petitions for extension of time in reexamination are decided by the Group Director, so this petition has been directed to the attention of the Group Director.

As explained below, there is sufficient cause to justify the extension of time and the two-month period would be reasonable in view of this sufficient cause.

### I. Numerous Issues Raised In Outstanding Office Action

The new Office Action appears to add many new rejections in addition to maintaining all rejections of the prior Office Action. Complex new issues of impermissible enlargement, written description, enablement, indefiniteness, and obviousness-type double patenting have been raised.

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

## II. The Office Action Is Replete With Ambiguities

The second grounds in support of this petition is the ambiguities in the Office Action due to the Examiner's failure to include basic information in a separate statement of rejection for each rejection (as is normally done in accordance with the form paragraphs set out in Ch. 700 of the MPEP). These ambiguities are the subject of a Petition for Missing Parts and Re-Starting the Response Period, which was filed on August 27, 1999 (copy attached).

In conclusion, the patentee respectfully requests a two-month extension of time for the reasons set forth above in this Petition and/or restarting of the period for response when the Patent Office mails out the missing items requested in the Petition for Missing Parts filed on August 27, 1999.

Respectfully submitted,

_____August 27, 1999_____

Stephen B. Maebius
Reg. No. 35,264

FOLEY & LARDNER
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007-5109
Tel: (202) 672-5569
Fax: (202)672-5399



-2-

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of August, 1999, service of a true and complete copy of this paper was made upon E. Thomas Wheelock, attorney for the Third Party Requester, by depositing the same in the United States mail in an envelope properly addressed to E. Thomas Wheelock, Morrison & Foerster, 755 Page Mill Road, Palo Alto, California 94304-1018, with sufficient first class postage affixed.

*Stephen B Maeb*

Stephen B. Maebius

#18

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 087147/0265

Reexamination No. 90/004,950

Filed:  April 3, 1998

U.S. Patent No. 5,583,216

Issued:  December 10, 1996

Title:   METHODS FOR THE MANUFACTURE OF CEPHEMS

Reexamination No. 90/005,200

Filed:  December 22, 1998

Group Art Unit:  1611

Examiner:  John M. Ford

## PETITION FOR MISSING PARTS OF OFFICE ACTION AND RE-STARTING PERIOD FOR RESPONSE

Commissioner for Patents and Trademarks
Washington, D.C.  20231

Sir:

Upon reviewing the Office Action mailed on August 3, 1999, the following missing parts were identified.  Without these items, the patentee is unable to respond fully to the outstanding Office Action.  Therefore, the patentee requests the mailing of a new Office Action to supply these missing parts and the re-starting of the period for response to run with the mailing of the new Office Action.

1.      Initially, the patentee respectfully requests that the Examiner prepare a new Office Action using the appropriate form paragraphs from MPEP Ch. 700 in order to clearly identify (a) the number of rejections being made, (b) the claims being rejected in each rejection, (c) the statutory/judicial basis for each rejection (including a citation to the paragraph number where the statutory basis is section 112), and (d) where the rejection is based on prior art, a clear identification of the references being relied upon.  There are numerous parts of the outstanding Office Action (which are listed in the following numbered paragraphs) that fail to

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

include this basic information, so that it is impossible to determine what is being rejected and why.

2.    The Office Action (paragraph bridging pages 5 and 6) states as follows (emphasis in original):

> Applicants have added a phrase to claim 3, now canceled, and presented (this raises an issue) it in claim 6 in $R^4$ being any residue of a nucleophilic compound. We do not know what the nucleophilic compound is, or what its unknown residue might be. (35 U.S.C. 112, 1st and 2nd paragraph).

The patentee cannot determine whether this is a rejection. The quoted portion indicates that an issue is "raised", but it does not state that there is a rejection. In a prior Office Action, a similar kind of statement was made that an issue of obviousness-type double patenting was "raised" (Jan. 14, 1999 Office Action, page 7, lines 1-2). When the patentee filed a Petition seeking clarification as to whether this statement constituted a rejection (Petition filed Feb. 16, 1999), the Examiner's subsequent communication surprisingly indicated that it was not a rejection and it was "only noted as a serious question" (Communication mailed Mar. 9, 1999, p. 1). Therefore, the patentee needs to know whether the above-quoted statement is a rejection or only a serious question. Also, the patentee needs to know what "issue" the Examiner believes has been raised.[1]

3.    The Office Action (page 6, lines 11-13) states that claim 6 is "also rejected under 35 U.S.C. 112 as $R^4$ is not defined, in the nucleophile, much less what its 'residue' might be." In order to respond adequately, the patentee needs to know whether this is a rejection under the first paragraph of section 112, the second paragraph of section 112, or both, and whether or not it is a distinct rejection from the possible rejection noted above in numbered paragraph 2. If this is a distinct rejection, the patentee cannot respond adequately to such a rejection without a clear statement as to the statutory ground on which it is based, as

---

[1] In the event that this is only being noted as another "serious question" rather than a rejection, the Examiner is directed to page 1700-1 of the MPEP, which states that such unnecessary comments on validity should not be made.

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

indefiniteness and enablement are completely separate issues of law. See MPEP, pp. 700-33
through 700-36.

4.     The Office Action (page 2, lines 11-14) states that "[l]imitations not found in the
original claims must be considered for compliance under 35 U.S.C. 112. MPEP 2200, p61,
col 2. Claims 10-13 address subject matter not found in the original patent. Note 35 U.S.C.
305(a) [sic: section 305 contains no part (a)] MPEP page 2200-62. The written description
(35 U.S.C. 112, 1st paragraph) is inadequate, here, for these reasons." Once again, the
patentee is at a loss to determine whether this is a rejection or just a comment not intended as a
rejection. Furthermore, the patentee needs to know what "subject matter" in these claims is
not found in the original patent in order to adequately respond ("The examiner cannot sit mum,
leaving the applicant to shoot arrows into the dark hoping to somehow hit a secret objection
harbored by the examiner." In re Oetiker, 24 USPQ2d 1447 (Fed. Cir. 1992).)

5.     The Office Action (paragraph bridging pages 2 and 3) states that "[t]he written
description in the '216 patent, col 7, lines 60-64 for claims 10 and 11 is insufficient for the
breadth sought. What is an 'active' amide? Applicants' sweeping 4 lines is supposed to
provide adequate written description for a high number and array of processes not addressed
by the original claims of the '216 patent. See 35 U.S.C. 305(a) [sic: section 305 contains no
part (a)]." The patentee cannot determine whether (a) this is a rejection at all as opposed to
another comment not intended as a rejection, (b) whether this is a rejection based on written
description (which is a section 112, first paragraph matter although section 112 is nowhere
mentioned in the Examiner's paragraph), (c) if it is a written description rejection whether it is
distinct from the possible rejection noted above in paragraph 4, and (d) whether there is also a
rejection based on impermissible enlargement. All of these missing items of information are
needed by the patentee in order to respond adequately to this part of the Office Action.

6.     The Office Action (page 3, last four lines through page 4, first line) states that
"Claim 8 is rejection [sic: rejected] under 35 U.S.C. 112, 4th paragraph as being an improper
dependent claim. There is no antecedent basis in claim 6, for the R1 amino to be protected.

-3-

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

Claim 6 should be amended to provide that $R^1$ is a protected amino, as in the 35 U.S.C. 119 papers, here. There is a serious question as to the yield of a process as stated in claim 6, as $R^1$ as a free amino provides a competing site of reaction for the thiazole acid." The patentee understands that the Examiner has rejected claim 8 under the fourth paragraph of section 112, however, it is unclear whether there is also any objection or rejection of claim 6. The Examiner has noted another "serious question" relating to the yield of claim 6 (which has nothing to do with the fourth paragraph of section 112), and the patentee is uncertain whether this is a distinct rejection of claim 6 or only a serious question pointed out by the Examiner that suggests an additional reason why claim 6 should be amended to provide antecedent basis for claim 8. The patentee needs this missing information in order to adequately respond.

       7.     The Office Action (page 4, middle three paragraphs) discusses possible rejections of claims 10 and 11 and states that "[c]laims 10 and 11 fall in that category, and are certainly inadequately supported by description (35 U.S.C. 112, 1st paragraph)." The patentee is uncertain as to (a) whether the phrase "fall in that category" is a reference to the first full paragraph of page 4 (talking about impermissible enlargement under section 305) or is a reference to the second full paragraph of page 4 (talking about adding material not searched previously), (b) whether the phrase "fall in that category" is meant to be a rejection on either of the grounds suggested in the first and second full paragraphs, (c) if it is a rejection on the grounds that material has been added that was not searched previously (second full paragraph), on what statutory basis such a rejection is founded, (d) whether there is also a rejection based upon lack of written description under the first paragraph of section 112, and (e) if there is a rejection for lack of written description, whether it is based on grounds distinct from the possible rejection noted above in paragraph 5.

       8.     The Office Action (page 4, third to last line) states that "[c]laims 12 and 13 raise a question of new matter", and with similar ambiguity (page 7, lines 2-3) states that "[c]laims 12 and 13 may very well be new matter under 35 U.S.C. 305, as they preferentially add an indication of the syn isomer, that was never before present". Again, the patentee needs

-4-

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

to know whether this is a rejection or another comment not intended as a rejection. If it is a "new matter" rejection, then the patentee needs to know if it is based on distinct grounds from the possible rejection noted above in paragraph 4. Also, the patentee needs to know whether the reference to section 305 is a mistake (as section 305 does not relate to new matter issues) or whether there is also an intended rejection under section 305 based on impermissible enlargement.

9.     The Office Action (page 15, line 1) states that "[c]laim 1 of Ochiai '216 is so extraordinarily broad so as to be indefinite." It is unclear to the patentee whether or not this is intended as a rejection of claim 1 under the second paragraph of 35 U.S.C. 112. On the one hand, the sentence refers to indefiniteness, yet it does not use the term "rejected", nor does it cite to the second paragraph of section 112 or use any of the language found in the form paragraphs of the MPEP (see pp. 700-33 through 700-36) normally used by Examiners to make rejections under the second paragraph of 112. The patentee is aware that the Examiner is not supposed to reject an original claim under section 112. The patentee is also aware that the Examiner is prohibited from commenting upon the validity of an issued patent except to the extent necessary to carry out reexamination (MPEP, p. 1700-1), so the patentee presumes that the Examiner is not doing so here and is attempting to formulate some sort of rejection. In order to respond appropriately, the patentee needs to know whether a rejection is being made and, if so, what it is.

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

****

A new Office Action with the missing items requested above and a new period for response are respectfully requested.

Respectfully submitted,

_August 27, 1999_

Stephen B. Maebius
Reg. No. 35,264

FOLEY & LARDNER
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007-5109
Tel: (202) 672-5569
Fax: (202)672-5399

Should additional fees be necessary in connection with the filing of this paper, or if payment for extension of time is required for timely acceptance thereof, the Commissioner is hereby authorized to charge Deposit Account No. 19-0741 for any such fees and applicant hereby petitions for any needed extension of time.

-6-



**FOLEY & LARDNER**
ATTORNEYS AT LAW
WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5109
TELEPHONE: (202) 672-5300
FACSIMILE: (202) 672-5399

# FACSIMILE TRANSMISSION

### Total # of Pages  15  (including this page)

| TO: | PHONE: | FAX #: |
|---|---|---|
| William R. Dixon, Jr. <br> U.S. Patent and Trademark Office | (703) 308 3824 | (703) 308 7922 |

From: **Maggie K. McDevitt**

Sender's Direct Dial: (202) 672 5304

Date: April 19, 2000

Client/Matter No: 087147/0265

User ID No: 0969

**MESSAGE:**

Pursuant to our telephone conversation this morning, attached are the two Petitions.

If there are any problems with this transmission or if you have not received all of the pages, please call (202) 672-5304.

| Operator: | Time Sent: | Return Original To: <br> Maggie K. McDevitt |
|---|---|---|

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.


#24
#26
2R
5/4/00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 087147/0265

| | |
|---|---|
| Reexamination No. 90/004,950 | Reexamination No. 90/005,200 |
| Filed: April 3, 1998 | Filed: December 22, 1998 |
| U.S. Patent No. 5,583,216 | Group Art Unit: 1611 |
| Issued: December 10, 1996 | Examiner: John M. Ford |
| Title: METHODS FOR THE MANUFACTURE OF CEPHEMS | |

## PETITION FOR CLARIFICATION OF OFFICE ACTION AND RE-STARTING PERIOD FOR RESPONSE

Commissioner for Patents and Trademarks
Washington, D.C. 20231

Sir:

Upon reviewing the Office Action mailed on February 29, 2000, the patentee has noted the absence of certain information and certain parts of the Action that cannot be understood. Without clarification of these items, the patentee cannot respond fully to the outstanding Action, making it impossible to advance prosecution in a reexamination that has already dragged on for over two years. Therefore, the patentee respectfully requests the mailing of a new Action to supply the requested information and the re-starting of the period for response to run with the mailing of the new Action.

The Action stated in several places that the patentee ties together patentability of the process and product. For example, the Action stated as follows on page 5, lines 19-21:

The examiner has long taken the position, however, that the process is not allowable simply because the product is. It is Patent owners that insist on tieing them together- which forces the terminal disclaimer.

The statement quoted above is squarely contradicted by the arguments in the previous response. In the previous response, the patentee provided pages and pages of arguments, as



Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

well as an extensive Rule 132 Declaration directed to specific chemical arguments demonstrating allowability of the instant process claims that have nothing whatsoever to do with patentability of the product. Therefore, a new Action *is requested* that addresses these specific chemical arguments on the merits. If the Action has no response on the merits to these chemical arguments, then they should be taken as admitted and the section 103 and obviousness-type double patenting rejections should be withdrawn.

   In addition, the Action failed to address in any way five different sections of argument in the previous response directed specifically to double patenting. Namely, the Action failed to address the sections entitled (1) "<u>More Than One Process To Make Final Product & More Than One Way To Use Starting Material Prevent Double Patenting</u>", (2) "<u>Ochiai Was Entitled To Rely Upon Then-Applicable Restriction Practice As Set Forth In Ch. 800 Of The MPEP</u>", (3) "<u>Based On The MPEP's Restriction Practice At The Time, Ochiai Voluntarily Complied With Ch. 800 Restriction Between The Starting Material, Final Product & Process Of Making Claims</u>", (4) "<u>There Is Justification For The Timing Of The Issuance Of Process Claims In The '216 Paten</u>.", and (5) "<u>Obviousness-Type Double Patenting May Be Based On Claims Of *One* Prior Patent, Not Combined Patents</u>". Either a new Action should be issued responding to each of these sections of argument, or they should be taken as admitted and the obviousness-type double patenting rejection withdrawn.

   Finally, the Action failed to address in any way the section of argument in the previous response entitled "*Separate Patentability Of claims 14-16*". Either a new Action should be issued responding to this section of argument, or it should be taken as admitted and the rejections of claims 14-16 withdrawn.

-2-



Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216


     A new Office Action with the missing items requested above and a new period for response are respectfully requested.

                            Respectfully submitted,

<u>April 14, 2000</u>

                            Stephen B. Maebius
                            Reg. No. 35,264

FOLEY & LARDNER
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007-5109
Tel: (202) 672-5569
Fax: (202)672-5399



-3-

Reexamination Nos. 90/004,950 & 90/005,200
Ochiai et al., U.S. Patent No. 5,583,216

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 14, 2000, service of a true and complete copy of this paper was made upon E. Thomas Wheelock, attorney for the Third Party Requester, by depositing the same in the United States mail in an envelope properly addressed to E. Thomas Wheelock, Morrison & Foerster, 755 Page Mill Road, Palo Alto, California 94304-1018, with sufficient first class postage affixed.

Stephen B. Maebius

-4-