# DX 36



**UNITED STAT  DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 90/004,950 | 04/03/98 | 5283216 | 371672800200 |

HM11/0309

HAROLD C WEGNER
FOLEY AND LARDNER
WASHINGTON HARBOUR SUITE 500
3000 K STREET NW
WASHINGTON DC 20007-5109

| EXAMINER | |
|---|---|
| FORD, J | |
| ART UNIT | PAPER NUMBER |
| 1611 | 11 |

DATE MAILED:
03/09/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

Application/Control Number 90/004,950                                          -1-

Art Unit 1611

Applicants letter of Feb. 16, 1999, titled "Petition for missing parts of Office Action and Re-starting period for Response" is noted.

Patentees letter makes reference to an obviousness-type double patenting rejection being discussed.

That rejection is the subject of companion Re-Exam 90/005,200, and is only noted as a serious question here that Requester is trying to develop. It has not been made in this proceeding.

No need for additional time, here, for applicants to make their response is

Application/Control Number: 90/004,950                                     -2-

Art Unit 1611

seen to be needed, as this double patenting question, and the possible need for a

terminal disclaimer was introduced by Requester in the very first papers, here,

requesting the reexamine.

    This is not a new question to patentee.

    What we are talking about, and questioning, and developing here is whether

a double-patenting rejection should be made.

JOHN M. FORD
PRIMARY EXAMINER
GROUP 120 - ART UNIT 1611

SIKE, TC 1600/2900

FORD; aco

March 4, 1999



UNITED STATE:    PARTMENT OF COMMERCE
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C  20231

HAROLD C WEGNER
FOLEY AND LARDNER
WASHINGTON HARBOUR SUITE 500
3000 K STREET NW
WASHINGTON , DC 20007-5109

**1 2 MAR 1999**    #13

In re Reexamination Proceeding:                    :
Michihiko Ochiai, et al                            :
Serial No.: 90/004,950                             : WITHDRAWAL OF FINALITY
Filed: April 3, 1998                               :
Attorney Docket No: 087147/0265                    :

This is in response to applicant's request, filed March 8, 1999, by facsimile transmission, for a two month extension of time to reply to the Office action mailed January 14, 1999, which set a two month shortened statutory period for reply.

Patent owner sets forth the following reasons for needing an additional two months to reply: (a) four separate rejections under 35 U.S.C. 103; (b) eight different prior art references cited in the rejections; (c) a rejection for obvious double patenting; (d) whether certain claims are entitled to the earliest priority date; (e) complications from a second request for reexamination which raises different issues.

A request for clarification of the obvious double patenting rejection was filed February 16, 1999, and responded to on March 9, 1999.  This removes reason (c) above.  Until such time as a merger of reexamination proceedings takes place, each proceeding must be considered on its own merits. The different issues raised in the second reexam need not be addressed in replying to the outstanding Office action.  Comment on such issues should be by means of a Patent Owner statement filed in the second reexamination proceeding.  The number of rejections and the number of references applied in those rejections appears to be a single issue.  The question of priority date entitlement is also a single issue.

In view of the fact that there are only two issues to which patent owner must reply, the request for extension of time is **GRANTED FOR ONE MONTH ONLY**.  REPLY IS DUE ON OR BEFORE APRIL 14, 1999.

Because of the nature of reexamination proceedings, it is Office policy to grant extensions of time for one month only unless it can be shown that more than one month is required (e.g. - to complete testing and prepare an affidavit).  Patent owner may request additional extensions of time if good and sufficient reasons exist.

Should there be any questions with regard to this letter please contact William R. Dixon, Jr. by letter addressed to the Director, Group 1600/2900, Washington, DC  20231, or by telephone at (703) 308-3824 or by facsimile transmission at (703) 308-7922.

John Kittle
Director, Group 1600/2900

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D C 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/004,950 | 04/03/1998 | | 371672800200 | 7979 |

25226    7590    10/08/2002

STEPHEN B. MAEBIUS
FOLEY AND LARDNER
3000 K STREET NW
SUITE 500
WASHINGTON, DC 20007-5109

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 10/08/2002    48

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: ASSISTANT COMMISSIONER FOR PATENTS

Washington, D.C. 20231

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER |
|---|---|
| | 48 |

DATE MAILED:

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

Application No.: 90/004950
Art Unit: 1624

The reply brief filed on 4/8/02 has been entered and considered. The application has been forwarded to the Board of Patent Appeals and Interferences for decision on the appeal.

EMILY BERNHARDT
PRIMARY EXAMINER
GROUP 128- 1600

PTO-90C (Rev.3-98)

# UNITED STATES
# PATENT AND
# ★ ★ ★ ★  TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY
AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D C 20231
WWW USPTO GOV

HAROLD C WEGNER
FOLEY AND LARDNER                                    FOR PATENT OWNER
WASHINGTON·HARBOUR SUITE 500
3000 K STREET NW
WASHINGTON , DC 20007-5109


E. THOMAS WHEELOCK
MORRISON & FOERSTER                                  FOR REQUESTER
755 PAGE MILL ROAD
PALO ALTO, CA 94304-1018


In re Reexamination Proceeding:                     :
Michihiko Ochiai, et al                             :
Serial No.: 90/004,950 and 90/005200               : PETITION DECISION
Filed: April 3, 1998 and December 22, 1998          :
Attorney Docket No: 087147/0265                     :

This is in response to Patent Owner's petition under 37 CFR 1.181, filed April 8, 2002, requesting withdrawal of an Examiner's Answer and other unspecified relief.

## BACKGROUND

A review of the proceedings' history would be extensive and tedious to provide in full. However, it can be summarized as a series of rejections to which a reply was timely made often accompanied by a petition on one or another matter, followed by a decision on petition and succeeding Office action. The recent history shows that a non-Final Office action was issued by a previous examiner on February 14, 2001. (It is noted that this was the seventh Office action in the 4950 proceeding and fifth Office action in the merged proceeding by the previous examiner following grant of the Order for Reexamination, none of which had been made Final. Following the sixth Office action Patent Owner filed a Notice of Appeal.) Thereafter a new examiner was assigned the Proceeding in April, 2001. Patent Owner's representatives held an extensive

interview with the new examiner in an attempt to clarify and resolve many of the issues in the Proceeding. Following the interview patent owner filed a letter reporting the interview and then filed an Appeal Brief, a Notice of Appeal having been filed in December, 2000. The Appeal Brief presented 9 specific issues from the last Office action for resolution:

(I) Rejection not based specifically on prior art;

(II) Rejection under 35 U.S.C. 102(b) based on Heymes et al or Durckheimer et al;

(III) Rejection under 35 U.S.C. 103(a) based on Takano et al;

(IV) Rejection under 35 U.S.C. 103(a) based on Yoshioka et al;

(V) Rejection under 35 U.S.C. 103(a) based on Chauvette, Gottstein, Fiesér and Dolfini alone or in combination with each other;

(VI) Rejection for Obvious Double Patenting;

(VII) Other matters;

(VIII) Rejection under 35 U.S.C. 103(a) over Katner;

and (IX) Rejection under 35 U.S.C. 102(a) over Montavon.

The newly assigned examiner prepared an Examiner's Answer, mailed February 8, 2002, in which the issues before the Board were narrowed to issues II, VI and VIII. The examiner replied to each of Patent Owner's arguments for each issue with the Obvious Double Patenting issue being bifurcated into two separate arguments.

Patent Owner filed a Reply Brief and this petition on April 8, 2002. The delay in acting on this petition is regretted, but was, in part, occasioned by receipt of only one copy of the petition, rather than two copies, as required, for the merged reexamination proceeding. The only procedural basis presented for withdrawal of the Examiner's Answer is the possible inclusion of an impermissible new ground of rejection.

## DISCUSSION

Patent Owner expresses concerns that procedurally this Proceeding may be forwarded to the Board of Patent Appeals and Interferences (Board) and then be remanded by them for reopening of prosecution or further actions by the examiner and that such would take an inordinate amount of time. However, it has been the experience of the Office that reexamination proceedings forwarded to the Board are considered expeditiously and are docketed for consideration in advance of other appeals. It is also unlikely that the Board would remand a proceeding except for examiner determination of an issue not properly addressed. It is not likely that such would occur in this Proceeding as the previous and current examiners have seemingly addressed all possible issues within the scope of reexamination.

Patent Owner states that the Examiner's Answer contains a new ground of rejection, specifically a second Obvious Double Patenting rejection. A review of the Office actions of February 14, 2001, and of October 26, 2000, has been made to determine what rejections for double patenting were made therein. It appears that both aspects of the Obvious Double Patenting rejection were present therein, specifically of the claims over previously issued parent applications alone as well

3

as in view of the issued parent applications in view of secondary references. However, they were not clearly delineated or set forth as two separate Obvious Double Patenting rejections. The Examiner's Answer clearly sets forth both aspects of the double patenting rejection and clearly delineates each from the another. Thus no new ground of rejection has been set forth, but existing grounds of rejection have been clarified and properly separated into their component parts.

Patent Owner then sets forth reasons for the delay in filing method claims in view of issued parent patents to compound claims and which is part of the basis supporting the Obvious Double Patenting rejections. This is not a procedural issue within the conduct of this reexamination, but are concerned with the merits of the rejections of record. These arguments are better presented to the Board for determination of the propriety of the rejections. Patent Owner further comments on the length of time which was needed to obtain broad claims. Again such argument does not address procedural insufficiencies in the Proceeding. Patent Owner then states that Schneller is inapposite to this case. However, since this is an issue directed to patentability of the claims, the issue will not be addressed in this decision.

Patent Owner then comments on the *Ex parte Bogese* decision cited by the examiner in support of the Obvious Double Patenting rejection suggesting that it is based on false premises of earlier cases and then proceeds through an analysis of *Woodbridge v United States* which appears to have no bearing on this petition decision.

In summary, Patent Owner's only apparent valid procedural question is with respect to the possible existence of a new ground of rejection in the Examiner's Answer. As noted above it is believed that such does not exist based on the prosecution history and the new examiner's attempt to clarify the record and issues to the extent possible.

DECISION

Applicants' petition is **DENIED.** The Examiner's Answer is maintained as proper and not containing a new ground of rejection.

**The Proceeding will be forwarded to the examiner for consideration of the Reply Brief.**

Should there be any questions with respect to this decision, please contact William R. Dixon, Jr., by mail addressed to: Director, Technology Center 1600, Washington, D.C. 20231, or by telephone at (703)308-3824 or by facsimile transmission at (703) 305-7230..

Any request for reconsideration of this decision must be made within TWO MONTHS of the mailing date of this decision and should be addressed to the Office of Petitions.

Bruce M. Kisliuk
Director, Technology Center 1600



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 90/004,950 | 04/03/98 | 5283216 | 37167280020005 |

```
  023533
  STEPHEN B MAEBIUS                    HM11/0504
  3000 K STREET, NW., SUITE 500
  WASHINGTON DC 20007-5109
```

| EXAMINER |
|---|
| FORD, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1624 | |

DATE MAILED:    05/04/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

1- File Copy



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

HAROLD C WEGNER
FOLEY AND LARDNER
WASHINGTON HARBOUR SUITE 500
3000 K STREET NW
WASHINGTON , DC 20007-5109

*MAILED*
*04 MAY 2000*
*TC 1600-CQM*

In re Reexamination Proceeding:
Michihiko Ochiai, et al
Serial No.: 90/004,950
Filed: April 3, 1998, and
Serial No.: 90/005,200
Filed: December 22, 1998
Attorney Docket No: 087147/0265

:
:
:
:
: PETITION DECISION
:
:
:
:

This is in response to applicant's petitions under 37 CFR 1.181, filed April 14, 2000, to review and clarify the examiner's actions in the last Office action and to modify the Office action as necessary and restart the period for response. Both are addressed in this decision.

Patent owner sets forth the following reasons for modification of the Office action: (1) claims 14-16 are identical to original claims 3-5 and should not be subject to a rejection under 35 U.S.C. 112; (2) claims 1-2 are original unamended claims and may not be rejected under 35 U.S.C. 112; (3) failure to address all of patent owner's arguments with respect to the issue of obvious double patenting.

DISCUSSION

A review of now pending claims 14-16 shows that they are identical to original claims 3-5. As such they cannot be subject to any rejection under 35 U.S.C. 112. Some confusion has arisen as to whether these claims should be treated as originally filed claims. According to Office policy, and as reflected in the M.P.E.P., original claims are subject to rejection on prior art only. In order to minimize confusion as to whether these are original claims or not, patent owner is requested to present claims 3-5 in the next response to an Office action as claims 3-5 (no underlining is required) and request that previously canceled claims 3-5 be reinstated in the proceeding. (Claims 14-16 should be canceled when this is done.) Any rejections of claims 14-16 should be considered as rejections of reinstated claims 3-5. In view of this, any rejections of claims 14-16 (which will be converted to reinstated claims 3-5) under 35 U.S.C. 112 are withdrawn as improper. Other rejections of these claims over prior art or for obvious double patenting are considered to be directed to reinstated claims 3-5 and should be addressed as such.

With respect to the rejection under 35 U.S.C. 112 of claims 1-2, which have not been amended, such rejection is improper, is withdrawn, and need not be replied to in patent owner's response to the outstanding Office action. The examiner raised a question of enablement under 35 U.S.C. 112 of these two claims. Such is improper. The patented claims under reexamination are to be given their broadest reasonable interpretation consistent with the specification, however, patent claims





must be given only an interpretation which is enabled by the specification (M.P.E.P. 2258). Thus any question of enablement of a claim is limited by that which is taught in the specification and any interpretation of a claim which falls outside the enablement of the specification is not within the scope of the claim and need not be considered by the examiner.

With respect to the failure to address all of patent owner's arguments, a review of patent owner's last response and the examiner's action fails to find this completely accurate. While patent owner has set forth several arguments in logical manner it is thought from the review of the examiner's action that these arguments have been addressed although not in the same order or with the same logicality as set forth by patent owner. The question of patentability of the method claims of the patent appears to revolve around the question of whether the method was disclosed (patent owner states it was) and claimed (patent owner concedes it wasn't) in the parent application which issued as a patent and the consequences of failing to claim the method in the parent application with respect to availability of other intervening prior art (intervening between disclosure and actual claiming of the method) and the question of obvious double patenting over the parent application. Both patent owner and the examiner have addressed these issues from different perspectives which at times may appear to avoid answering or responding to the other's arguments. These issues have also been clouded by the introduction of the issues raised under 35 U.S.C. 112, noted above. With the removal of such issues concentration on the crux of the matter may be had and the respective positions more clearly developed. In view of this no new Office action will be forthcoming until patent owner files a response to the outstanding Office action limited to the issues of prior art noted.

For the above reasons patent owner's petition is **GRANTED IN PART**. All rejections in the last Office action under or related to 35 U.S.C. 112 are withdrawn. Patent owners reply will be limited to addressing only questions related to rejections over prior art under 35 U.S.C. 102 or 103 and for obvious double patenting.

Patent owners time for response originally set at two months has been extended by an additional two months. Patent owner's concern with regard to the lack of progress in bringing this reexamination proceeding to a conclusion is noted. It is admitted that some of the delay has occurred within the Office, initially due to numerous requests for access by the public which prevented the examiner from working consistently on the file. This has since been overcome. It is expected that the next action following patent owner's next reply will be a final Office action which will bring this proceeding to an acceptable conclusion or lead to an appeal.

Should there be any questions with regard to this letter please contact William R. Dixon, Jr. by letter addressed to the Director, Group 1600/2900, Washington, DC 20231, or by telephone at (703) 308-3824 or by facsimile transmission at (703) 308-7922.

John Kittle
Director, Group 1600/2900



UNITED STATES   PARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C  20231

HAROLD C WEGNER
FOLEY AND LARDNER
WASHINGTON HARBOUR SUITE 500
3000 K STREET NW
WASHINGTON , DC 20007-5109

**1 2 MAR 1999**   #13

In re Reexamination Proceeding:          :
Michihiko Ochiai, et al                  :
Serial No.: 90/004,950                   : WITHDRAWAL OF FINALITY
Filed: April 3, 1998                     :
Attorney Docket No: 087147/0265          :

This is in response to applicant's request, filed March 8, 1999, by facsimile transmission, for a two month extension of time to reply to the Office action mailed January 14, 1999, which set a two month shortened statutory period for reply.

Patent owner sets forth the following reasons for needing an additional two months to reply: (a) four separate rejections under 35 U.S.C. 103; (b) eight different prior art references cited in the rejections; (c) a rejection for obvious double patenting; (d) whether certain claims are entitled to the earliest priority date; (e) complications from a second request for reexamination which raises different issues.

A request for clarification of the obvious double patenting rejection was filed February 16, 1999, and responded to on March 9, 1999. This removes reason (c) above. Until such time as a merger of reexamination proceedings takes place, each proceeding must be considered on its own merits. The different issues raised in the second reexam need not be addressed in replying to the outstanding Office action. Comment on such issues should be by means of a Patent Owner statement filed in the second reexamination proceeding. The number of rejections and the number of references applied in those rejections appears to be a single issue. The question of priority date entitlement is also a single issue.

In view of the fact that there are only two issues to which patent owner must reply, the request for extension of time is **GRANTED FOR ONE MONTH ONLY**. REPLY IS DUE ON OR BEFORE APRIL 14, 1999.

Because of the nature of reexamination proceedings, it is Office policy to grant extensions of time for one month only unless it can be shown that more than one month is required (e.g. - to complete testing and prepare an affidavit). Patent owner may request additional extensions of time if good and sufficient reasons exist.

Should there be any questions with regard to this letter please contact William R. Dixon, Jr. by letter addressed to the Director, Group 1600/2900, Washington, DC 20231, or by telephone at (703) 308-3824 or by facsimile transmission at (703) 308-7922.

John Kittle
Director, Group 1600/2900

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| CONTROL NUMBER | FILING DATE | PATENT UNDER REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 90/004,950 | 04/03/98 | 5283216 | 371672800200 |

HM11/0922

HAROLD C WEGNER
FOLEY AND LARDNER
WASHINGTON HARBOUR SUITE 500
3000 K STREET NW
WASHINGTON DC 20007-5109

| EXAMINER |
|---|
| FORD, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1611 | 2o |

DATE MAILED:

09/22/99

# REEXAMINATION COMMUNICATION

**THE SHORTENED STATUTORY PERIOD FOR RESPONSE OF TWO MONTHS SET IN THE OFFICE ACTION MAILED AUGUST 3, 1999, IS HEREBY EXTENDED FOR TWO MONTHS PURSUANT TO APPLICANT'S REQUEST FOR CLARIFICATION OF THE OFFICE ACTION AND EXTENSION OF TIME. RESPONSE TO THE OFFICE ACTION IS DUE DECEMBER 3, 1999. FURTHER EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

cc: Requester

PTOL-473 (2-90)

Application/Control Number: 90/004,950 90/005,200                    Page 2

Art Unit: 1611

Applicants filed a petition for missing parts of Office Action and restarting period for response. This is taken as a request for clarification.

The action of August 3, 1999, was in response to applicants amendment of April 14, 1999, and should be taken that way.

Applicants (Patentee) used a free, open narrative style in their response, the examiner cannot use a fill in the box style to respond to that.

This is a very unusual reexam application, where applicants are trying to overturn a long standing precedent of the CCPA, that the process is not allowable simply because the product is, without an en banc decision of the CAFC.

There are few form paragraphs to cover this situation. Form paragraph are intended as a suggestion not a requirement. Applicants keep saying 35 U.S.C. 305(a) is a mistake, wherein it is set forth that new matter is based, in a reexam, on material added beyond the patented claims, not just beyond the specification. However, from paragraph 22.11 is the source of the reference to 35 U.S.C. 305 (a); that no proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding.

The form paragraph do not fit every situation. Original claim 1 is not rejected under 35 U.S.C. 112, since it is an original claim, but it is incumbent upon the Examiner to point out why priority, under 35 U.S.C. 120, is denied to applicants first application Serial No.642,356, now US Patent 4,098,888, because claim 1, here, is not sufficiently supported in Serial No 642,356 to satisfy 35 U.S.C. 112.

Application/Control Number: 90/004,950 90/005,200                                      Page 3

Art Unit: 1611

An applicant's specification must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention, i.e., whatever is now claimed. *Vas-Cath, Inc. V Mahurkar*, 935 F.2d 1555, 1563-64, 19 USPQ2d 1111, 1117 (Fed. Cir.1991). The written description requirement prevents an applicant from claiming subject matter that was not described in the application as filed, and the prohibition against the introduction of new matter in a patent application (35 U.S.C. 132 and 251) serves to prevent an applicant fro*m* adding to the informational content of a patent application after it is filed.

The courts have describes the essential question to be addressed in a description requirement issue in a variety of ways. An objective standard for determining compliance with the written description requirement is, "does the description clearly allow persons of ordinary skill in the art to recognize that he or she invented that is claimed." *In re Gosteli*, 872 F.2d 1008, 1012, 10 USPQ2d 1614, 1618 (fed. Cir. 1989). Under *Vas-Cath, Inc.v. Mahurkar, 935* F.2d 1555, 1563-64, 19 USPQ2d 1111, 1117 (Fed. Cir. 1991), to satisfy the written description requirement, an applicant must convey with reasonable clarity to those skilled in the art that, as of the filling date sought, he or she was in possession of the invention, and that the invention, in the at context, is whatever is now claimed.

Original claim 3 came close to setting forth what could be considered described in the first case, now patent *LP&P.* I have been trying to work with Patentee to get them to claim, claim 3, i*n* independent from as a supportable claim, with the introduction of R¹ being a protected amino group and R⁴ as H, *and newly discovered "and a reactive derivative thereof" cancelled from the end of claim 6.*

Application/Control Number: 90/004,950 90/005,200                    Page 4

Art Unit: 1611

Applicants, however, presented a new claim 6 which did not put in the needed $R^1$ being a protected amino, and instead introduced $R^4$ being a residue of nucleophilic compound, which caused the rejection of claim 6 under 35 U.S.C. 112, 1st an 2nd paragraph.

Applicants lifted out of context:

↑Applicants have added a phrase to claim 3, now canceled, and presented (this raises an issue) it in claim 6 in $R^4$ being  any residue of a nucleophilic compound.  We do no know what the nucleophilic compound is , or what it s unknown residue might be.  (35 U.S.C. 112, 1st and 2nd paragraph)." *This is a rejection, if applicants require.*

The Office Action explains that claim 6 is rejected under 35 U.S.C. 112, 1st and 2nd paragraph, as claim 6 is a new claim.  He then puts the burden on the examiner to agree that residue of a nucleophilic compound is allowable. That expression was rejected in that the reader cannot determine what the nucleophilic compound is much less what its infinite unknown residue might be, and that nucleophilic compound, or its un known residue of a nucleophilic compound did not find adequate written description in the application.

These issues are raised in an attempt    to work with applicant to amend claim 6 such that it avoids the rejection.

In regard to point 3, raised by applicant, see the above.  Further, note however, claim 1, here does not meet the written description requirement or enablement requirement in application 05/642,356, now US Patent 4,098,PFP.

Application/Control Number: 90/004,950 90/005,200                    Page 5

Art Unit: 1611

The first paragraph of 35 U.S.C. 112 provides:

The specification shall contain a <u>written description</u> of the invention, and of the manner and

process of making and using it, in such full, clear, concise, and exact terms as to <u>enable</u> any

person skilled in the art to which it pertains, or with which it is most nearly connected, to make

and use the same, and shall set forth the <u>best mode</u> contemplated by the inventor of carrying out

his invention. (emphasis added)

This section of the statue requires that the specification include the following:

(A)     A written description of the invention;

(B)     The manner and process of making and using the invention (the enablement

requirement); and

©      The best mode contemplated by the inventor of carrying out his invention.

The written description requirement is separate and distinct from the enablement

requirement. *In re Barker*, 559 F.2d 588, 194 USPQ 470 (CCPA 1977), *cert. denied*, 434

U.S. 1064 (1978); *Vas-Cath, Inc. V. Mahurkar*, 935 F.2d 1555, 1562 19 USPQ2d 1111, 1115

(Fed.Cir. 1991) (While acknowledging that some of its cases concerning the written description

requirement and the enablement requirement are confusing, the Federal Circuit, reaffirmed that

under 335 U.S.C. 112, first paragraph, the written description requirement is separate and distinct

from the enablement requirement and gave an example thereof.)  An invention may be describe

Application/Control Number: 90/004,950 90/005,200                    Page 6

Art Unit: 1611

without the disclosure being enabling (e.g., a chemical compound for which there is no disclosed or apparent method of making), and a disclosure could be enabling without describing the invention (e.g., a specification describing a method making and using a paint composition made of functionally defined ingredients within broad ranges would be enabling for formulations falling within the description but would not describe any specific formulation). See *In re Armbruster*, 512 F.2d 676,677,185 USPQ 152,153 (CCPA 1975) ("[A] specification which 'describes' does not necessarily also 'enable' one skilled in the art to make or use the claimed invention."). Best mode is a separate and distinct requirement from the enablement requirement. *In re Newton*, 414 F.2d 1400 163 USPQ 34 (CCPA 1969).

In regard to point 4 raised by applicant, applicants have added new claims 6-13. The examiner is trying to get applicant to understand that the MPEP is clear that these claims must be checked for compliance with 35 U.S.C. 112, and new matter. Further, that 35 U.S.C. 305 narrows the new matter investigation to anything beyond the original claims. That is why the examiner has proceeded later to reject the claims, as detailed in the Office Action.

In regard to point 5 raised by applicant, I am trying to work with applicant to get them to avoid a rejection by amendment or explanation. This is a work in progress. We have reached no final issue. I am trying to point out what words cause rejection.

In regard to point 6; claim 8 is dependent on claim 6, and claim 6 does not provide for the amino on the thiazole to be protected, and that claim 6 should be amended to provide for that or the claim is probably inoperative without it, as pointed out in the Office Action.

Application/Control Number: 90/004,950 90/005,200                    Page 7

Art Unit: 1611


In regard to point 7 raised by applicant, the Examiner is trying to give applicants an

opportunity to explain the basis for the claims  *sa c/c*  that they should not be rejected under 35

U.S.C. 305. We are still trying to mold and shape what the issues should be here. Presently the

subject matter of claims 10 and 11 are rejectable under 35 U.S.C., *305.* they are not recited in

original claim 1. Further, claims 10 and 11 do not *meet* the requirements of 35 U.S.C. 112, 1st

or 2nd paragraph, *as* was explained in the Office Action. On page 6 of the Office Action the line

from the end  hat should be claims 10 and 11 are rejected under 35 U.S.C. 112 1st and 2nd

paragraph, rather than 9 and 11.

In regard to point 8, claims 12 and 13 are new matter rejectable under 35 U.S.C. 132

and 35 U.S.C. 305 and 35 U.S.C. 112. The Examiner is giving the applicant an opportunity to

clarify. At the present they are rejected under 35 U.S.C. 112, 1st and 2nd paragraph.

In regard to point 9, claim 1 is not rejected under 35 U.S.C. 112, it and claims 2 and 6-13

are rejected under 35 U.S.C. 103 over a number of reference, collectively, In re Keller, 208

USPQ 871.

The Examiner cannot tell what to go looking for , for support for claim 1, as claim 1 reads

on any means possible of producing an amide. Some of those means come to mind, some do not,

and some process are only found to fall within claim 1, on reading them, elsewhere, such as US

patent 4,767,852.

The Office Action of August 3, 1999, stands, and still needs to be responded to. The

rejections of the Office Action of Jan.14, 1999, also continue, as they apply to the new claims.

Application/Control Number: 90/004,950 90/005,200                    Page 8

Art Unit: 1611

It is just noticed that claim 10 is dependent on claim 6. It was assumed that reactive

derivative meant a reactive derivative of the thiazole acyl derivative *of claim 1.*



or this is an incomplete radical leaving completion of the molecule to the imagination of the

reader.

In claim 3 this thiazole complete to an acid which is all that is enabled the *in* 'PP patent. It

was assumed that this incomplete acyl thiazole reactant of claim 1 was the reactive derivative

mentioned in claim 10, completing that molecule, as is what col 7 of the '216 patent is

talking about. See page 13 of applicants most recent response. The reactive derivative is *now a*

replacement for the thiazole acid already specified in claim 6. The reactive derivative of claim

10 and 11 would have to be completing the acyl thiazole reactants of claim 1 where that

completion is not specified. It is already specified as the acid in claim 6. Claims 9, 10 and 11 are

therefore, rejected under 35 U.S.C. 112, 4th paragraph as improper dependent claims.

I was trying to work out language, but since applicants prefer a rejection, claims 10-13

are rejected under 35 U.S.C. 305 as being beyond the original claims. Claims 10-12 are rejected

under 35 U.S.C. 112, 1st and 2nd paragraph as being unclear and unsupported, *and without adequate*

written description. It is not clear what applicant are making a reactive derivative of. Look at

claim 6 there are a number of sites from which derivatives could be made of the formula noted.

Application/Control Number: 90/004,950 90/005,200                    Page 9

Art Unit: 1611


The vague words of claims 10-12 were previously discussed in the Office Action of August 3, 1999.

Claim 8 needs to be cancelled and combined with claim 6. It is assumed that claims 10 and 11 need to be made dependent on claim 1 and that the last three words of claim 6 "or a reactive derivative thereof" does not apply to changing the acid



to something else. Otherwise there is no way to conclude support for claim 6 in U.S. patent '808.

For the present, we will conclude the acid of the thiazole acyl of claim 6 is all that is intended and, therefore supported in '808, anything else is not.

The 35 U.S.C. 103(a), as well as a 35 U.S.C. 102 rejection of claims 1 and 2 in view of Heymes et al US Patent 4,202,893 and/or Durckheimer et al, US Patent 4,758,556, and/or Ochiai et al US Patent 4,203,899, continue, as this subject matter of claims 1 and 2 does not find adequate written description or enabling disclosure in the first Ochai '808 disclosure, as previously discussed.

Claims 1,2 and 6-13 continue rejected under 35 U.S.C. 103 (a) as being unpatentable over Chauvetter and Gottstein and Cocker et al particularly in view of Fieser and Dolfini collectively; In re Keller et al 208 USPQ 871 these references demonstrate that changes in the non-reactive portion of the molecule produce no change in the expected invention. Therefore this process

Application/Control Number: 90/004,950 90/005,200                    Page 10

Art Unit: 1611

thereof is not patentable, independent of whether the product is or is not; for the reasons noted in

In re Ochiai et al 37 USPQ 2nd p 1133 in the citation of In re Papesch, 137 USPQ 43 et al 51, the

process requires an independent investigation to determine if it is new or old or non-obvious.

It is my understanding that Mr. Dixon, the ruling USPTO Official, is separately

considering an extension of time for applicants to respond to the Office Action of August

3, 1999, as added to or modified here.

JOHN M. FORD
PRIMARY EXAMINER
GROUP 120 - ART UNIT /6 //

SUPERVISORY PATENT EXAMINER
ART UNIT /6 //