UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAKEDA PHARMACEUTICAL CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HON. JON W. DUDAS, ) <br> Under-Secretary of Commerce for ) <br> Intellectual Property and Director of ) <br> the Patent and Trademark Office ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06cv1640 (TFH) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF CLARIFICATION

Defendant, the Honorable Jon W. Dudas, Under-Secretary of Commerce for Intellectual Property and Director of the Patent and Trademark Office, respectfully responds to Plaintiff's Notice of Clarification regarding the misrepresentation made by counsel for Plaintiff during the motions hearing before this Court on August 9, 2007. In his rebuttal argument, counsel for Plaintiff argued that the Board of Patent Appeals below did not rely upon the Federal Circuit Court's decision in *Geneva Pharmaceuticals, Inc. v. GlaxoSmithKine PLC*, 349 F.3d 1373 (Fed. Cir. 2003), to support its decision to reject Plaintiff's patent application '216 for the process of manufacturing its previously-patented cephem product ('606) as an impermissible double patent. Counsel for Plaintiff argued that *Geneva Pharmaceuticals* was cited only by the Defendant, and further challenged Defendant to point to anywhere in the written opinion of the Board of Patent Appeals where the Board cited to and relied upon *Geneva Pharmaceuticals*.

Subsequently, Plaintiff submitted a "Notice of Clarification," acknowledging that the Board did, in fact, cite to *Geneva*, but argued that the reference was inapplicable to this case. Plaintiff claims that the Board referenced *Geneva* solely as to determine "whether Takeda was entitled to the shield of Section 121." That argument, again, mischaracterizes the Board's decision. Indeed, in its opinion, the Board noted that Section 121 was not even being considered because "appellants have declined to place any reliance on § 121." PX. 5, lines 4-5. Rather, the Board was discussing whether the so-called "Group B" process (which Mr. Polk referred to as "Method B" during his oral argument) disclosed in the '216 patent was a separate and distinct method of making the claimed cephems. The Examiner had issued a restriction requirement under 35 U.S.C. § 121 between the "Group B" process and the process claimed in the '216 patent. Nonetheless, as both the Examiner and the Board found, the Group B process claims do not make the claimed compounds in the now-expired '606 patents. See, e.g., PX. 5, page 22; lines 11-23 ("what surfaces from the discussion above is. . . .[Takeda has] not established that there are credible separate "independent and distinct" methods"); DX. 19 ("No such independent process is seen in the Ochiai [the '216 patent] disclosure . . ."). Takeda did not challenge those finding in its briefs before this Court. Instead, it relied only upon the 2005 Monguzzi and 2002 Gerlach patents.[1]

In his rebuttal argument, Mr. Polk advanced a new argument that the Group B process claims disclosed in the '216 patent were the same as the processes claimed in the Gerlach and Monguzzi patents. If this statement were true, then neither the Gerlach nor Monguzzi patents

---

[1] For the full context of the Board's discussion, Defendant respectfully directs the Court's attention to pages 18-20 of the Board's decision (PX. 5).

make the claimed cephem products.[2] Nonetheless, it is unlikely, and no factual evidence exists in the record to support this argument. The Monguzzi patent specifically distinguishes itself from the processes disclosed in the '216 patent, and was deemed patentable over the processes disclosed in the '216 patent. See PX. 10, column 2, lines 15-20. Moreover, Plaintiff's own expert, Angelina Duggan, Ph.D., never once mentioned the "Group B" process claims in her declaration, and never stated that the processes disclosed in the 2002 Gerlach and 2005 Monguzzi patents were the same as the "Group B" process claims disclosed in 1975, but never claimed.

                              Respectfully submitted,

                              /s/ Jeffrey A. Taylor
                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                            United States Attorney

                              /s/ Rudolph Contreras
                            RUDOLPH CONTRERAS, D.C. BAR # 434122
                            Assistant United States Attorney

                              /s/ Darrell C. Valdez
                            DARRELL C. VALDEZ, D.C. BAR # 420232
                            Assistant United States Attorney
                            Judiciary Center Building
                            555 4th St., N.W., Civil Division
                            Washington, D.C.  20530
                            (202) 307-2843

---

[2] It would also render the Gerlach and Monguzzi patents invalid. Such collateral attacks on other patents are not favored given the statutory presumption of validity for issued patents. 35 U.S.C. § 282.